## YODER v. MILLS.[1]

*Circuit Court, W. D. Pennsylvania.* October 28, 1885.)

PATENTS FOR INVENTIONS—PRIORITY—INFRINGEMENT—COMBINATION PATENT.

The employment of mechanical skill to construct a machine in accordance with ideas furnished by another gives no right to the invention. The entire merit is in him whose inventive suggestiveness conceived the invention.

In Equity.

*William A. Redding*, for complainant.

*M. Daniel Connolly*, for respondents.

McKENNAN, J. The object of this suit is a patent to Lorenzo T. Yoder for an invention relating to the manufacture of candy, dated December 4, 1883, and numbered 289,488. The patent contains four claims, but no evidence is produced to show any infringement of the first two. The third and fourth claims are the only ones touching which there is any contest. They are both for combinations of mechanical devices, and differ only in that, to the elements specified in the third claim, is added a "cover, A," of peculiar construction, and thus the fourth claim is constituted.

Nor is there any substantial controversy between the parties upon the question of infringement. It is clear that the machine made by the defendants is, in every essential feature, identical with that described in the patent.

The only contested inquiry in the case involves the right to the invention itself. All the evidence exhibited relates to it. Both parties claim the merit which the patent apparently accords to the complainant, and, without discussing the evidence, it is enough for us to say that, in view of the decided preponderance of the proofs, it is justly devolved upon him. The conception of the invention belongs to him, and all that the defendants contributed was the necessary mechanical skill, furnished at his request, to embody it in an operative form. He did not lose the merit which is due to inventive suggestiveness, and devolve it upon the mechanic whose only function was to materialize it. *Watson* v. *Bladen*, 4 Wash. C. C. 582; *Blandy* v. *Griffith*, 3 Fisher, 609.

But some doubt may be entertained as to the right of the complainant to appropriate the combination covered by the fourth claim of the patent, treating it as an entirety. The cover, A, which is an indispensable constituent of the combination, was not devised by him, but was suggested and constructed solely by one of the defendants. Whether that claim, then, is enforceable against the defendants we do not deem it imperative on us to decide. We will, therefore, adjudge that the patent is valid in so far as the *third* claim is involved, that an injunction issue against the infringement of that claim, and that

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

the profits or damages accruing from the past infringement thereof be ascertained by a master; and a decree will be prepared accordingly.